John P. Gabriele *v.* Boeing Company,
Vertol Division.

Argued December 8, 1970, before President Judge
BOWMAN, and Judges CRUMLISH, JR., KRAMER, WILKIN-
SON, JR., MANDERINO, MENCER and BARBIERI.

*A. Bernard Hirsch,* for appellant.

*Robert M. Landis,* with him *Bernard A. Ryan,* and *Dechert, Price and Rhodes,* for appellee.

OPINION BY PRESIDENT JUDGE BOWMAN, filed January 12, 1971:

This is an appeal from a final order of the Pennsylvania Human Relations Commission dismissing a complaint by John P. Gabriele, the appellant here, that he had been discharged from employment because of his Italian ancestry.

Section 5(a) of the Pennsylvania Human Relations Act of October 27, 1955, P. L. 744, as amended, 43 P.S. 955, declares it to be an unlawful discriminatory act to discharge from employment an employee because of his ancestry ". . . if the individual is the best able and most competent to perform the services required".

The history of appellant's employment with Boeing Company, Vertol Division (Boeing), and the events leading up to his discharge are not seriously disputed. As found by the Commission in its Findings of Fact supported by uncontradicted evidence, it appears that appellant was first employed by Boeing in November, 1960 as a sheet metal worker.

Two years later, Gabriele was promoted to the position of supervisor in the weld shop at Boeing, and approximately one year later was promoted to be supervisor in the Blue Streak Area, Experimental Department. He was then transferred to the paint shop where he worked in the trim and drill area in fabricating sheet-metal parts for at least six months, was re-transferred to the experimental department and then back to the trim and drill area. This was his assignment until

June, 1966 when he resigned at Boeing to work for Radio Corporation of America. He worked as a supervisor at their Mountain Top, Pennsylvania plant for about a year and a half, when he was laid off as "surplus". He was rehired by Boeing as a supervisor in the Machine Shop at Morton, Pennsylvania, where he worked until October of 1967 when he was assigned to field duty in California. He returned on December 4, 1967 to work under the foremanship of James Melton and was assigned in January, 1968 to the production line for the repair of combat-damaged helicopters. Gabriele was then assigned to field duty in North Carolina, returning in the spring of 1968 to the Morton, Pennsylvania plant where he was assigned to work as a supervisor, again under James Melton, foreman.

On February 6, 1969, Gabriele was earning a salary of $10,000.00 per year and supervised approximately 17 employees in the on-site modification at Boeing.

On that date, Gabriele was given a written report ("Employee Performance Summary"), in which his performance was rated "unsatisfactory" by James Melton, his supervisor. He was allowed thirty days in which to make improvements.

On March 5, 1969, at the expiration of such 30-day period, Gabriele's performance not having improved in Supervisor Melton's opinion, he gave written notice to Gabriele that his employment was to be terminated effective March 7, 1969. Gabriele was given the opportunity to resign from his position as supervisor or he would be relieved of his position at Boeing.

On that date, Gabriele requested and was granted a hearing before Boeing's internal Review Board (consisting of supervisory employees), at which hearing Gabriele was given an opportunity to defend himself against such performance evaluation. Gabriele explained that the failure by himself and his crew to

maintain the work schedule was attributable to the lack of adequate manpower and the inability to maintain adequate records of replacement parts due to pilfering by other work crews.

In his discussions with Melton, Wenzel (Melton's superior), and at the Review Board hearing, Gabriele never accused or indicated that the action was attributable to his being of Italian ancestry.

The following day Gabriele's employment was terminated, the Review Board having concurred in Supervisor Melton's decision.

On March 10, 1969, Gabriele was given an "exit interview" during which he was afforded an opportunity to state any reasons for his dissatisfaction. Gabriele did not mention that there was any discrimination by Boeing or Melton or anyone against him because of his Italian ancestry.

On this same day, Gabriele filed a complaint with the Commission which resulted in a hearing before the Commission covering five days and producing seven hundred pages of testimony elicited from twenty-five witnesses. From this record the Commission made nineteen findings of fact, and concluded as a matter of law that the complaint was groundless and dismissed the same. This appeal followed.

The scope of our review in this appeal, taken pursuant to the Administrative Agency Law, Act of June 4, 1945, P. L. 1388, 71 P.S. 1710.1, as prescribed by Section 44 thereof, is to determine whether the findings of fact and conclusions of law are supported by substantial evidence and whether the Commission's adjudication is in accordance with law. *Pennsylvania Human Relations Commission v. Chester School District,* 427 Pa. 157, 233 A. 2d 290 (1967).

In asserting that the Commission's findings of fact and conclusions of law were not supported by substan-

tial evidence, appellant's counsel simply points to portions of testimony of several witnesses and would have us accept such testimony at its face value and totally ignore uncontradicted or overwhelming contrary evidence. In essence, he would have this Court not only substitute itself for the Commission as the finder of the facts but would also have us ignore all but the barest of facts and inferences therefrom favorable to appellant. This we cannot do.

It would serve no purpose to enter into a detailed review of this lengthy record. For the most part it consists of uncontradicted testimony, and to the very limited extent that there is some conflict as to the inferences to be drawn from the record, the overwhelming evidence more than adequately supports the Commission's findings of fact and conclusions of law.

Other exceptions filed by appellant to the Commission's adjudication raise constitutional due process questions with respect to the proceedings before the Commission. While serious on their face, they are devoid of merit as the record lends no support to these assertions.

Section 9 of the Pennsylvania Human Relations Act, *supra,* 43 P.S. 959, sets forth in some detail the procedure on hearings before the Commission. Among other matters, it provides that the case in support of the complaint shall be presented by the Commission's attorneys or agents, but recognizes the right of the complainant to appear, with or without counsel, and to testify. To what extent, if any, these provisions may infringe upon a complainant's right of counsel in proceedings concerned with his rights we need not reach in this case. Nowhere in this record is there any request by appellant or his counsel that he or his counsel be permitted to more fully participate in the hearings than they did. Appellant's counsel was present on

all days of hearings, participated in the preparation of the case with the attorney for the Commission and actively participated in the conduct of the hearings. With one exception, there is no indication in the record that appellant's counsel did not fully acquiesce in the manner by which the proceedings were conducted. This one exception involved a request by appellant's counsel that prior complaints of discrimination by Boeing be made a part of the record. This was refused by the Commission as privileged under the conciliatory and persuasive endeavor requirements of the Act. *See* Section 9, *supra.*

One can only conclude from this lengthy record that appellant's complaint to the Commission resulted in a thorough and intensive investigation, and a prodigious effort to present a complete case to the Commission at its hearings without any serious objection by appellant or his attorney. Appellant cannot now belatedly assert that the proceedings should have been conducted in some other fashion or that his attorney should be afforded a different role than that which he did play.

For the foregoing reasons we enter the following

### ORDER

Now, January 12, 1971, the appeal of John J. Gabriele from the adjudication of the Pennsylvania Human Relations Commission is hereby denied and the Commission's final order is affirmed.